MANUEL SALAZAR V. THE STATE.

No. 23491. Delivered November 27, 1946.
Rehearing Denied January 8, 1947.

*Dave Watson* and *Theo. P. Heneley,* both of San Antonio, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

This appeal is from a sentence of ten years upon a conviction for murder with malice.

From the evidence it is apparent that appellant and deceased were both Mexicans and lived close neighbor to each other, in a densely populated alley in the City of San Antonio. As is frequently the case, no motive is indicated for the killing and there is but little evidence further than proof that appellant killed the deceased. No statement of facts would serve to aid a discussion of any issue. It is sufficient to say that the evidence supports the conviction with the penalty assessed.

Three bills of exception are brought forward and discussed by brief and argument. The first complains that the charge is too restrictive in that it does not give the accused the right to defend himself against injuries less than serious bodily injury. In the first place it is doubtful that a charge on self-defense was called for under the evidence. No one testified that the deceased did anything. Appellant made a statement to the officer as he approached that might have, if fully developed, indicated some action on the part of the deceased, but in the state of the

record it could as well have been a struggle by the deceased against appellant after appellant had attacked him. The appellant's wife testified to injuries to his head, but there is no evidence that the deceased inflicted such injuries. The court gave a charge on self-defense, which fairly told the jury that the defendant had a right to kill Ramon Rodriquez if, "at the time of so doing the deceased had made, was making, or was preparing to make an attack on him, which, from the manner and character of it * * * caused him to have a reasonable expectation or fear of death or serious bodily injury" etc. Certainly this charge gives him everything that the evidence would demand.

Bill of Exception No. 2 complains of the insufficiency of the evidence and counsel presents that there was no witness to the alleged altercation between the appellant and the deceased. He further states that the only evidence of the homicide is what appellant told the police officer before being arrested. Such appears to be the record, but we find it sufficient to warrant the conclusion that the appellant killed the deceased.

Bill of Exception No. 3 complains of a question asked the widow of the deceased by the State. The assistant district attorney asked her if her husband was in the habit of carrying a knife or pistol. Objection was raised to this evidence, but it is not clear what ruling the court made on this objection, and the bill of exception wholly fails to indicate what answer was made, if anything. Reliance is had on McCandless v. State, 57 S. W. 672. In the absence of any showing in the bill as to what evidence, if any, was elicited by the question, we would be unable to say that appellant was harmed by the question asked. There is nothing in the record to indicate whether it was a pertinent question or not. We would hardly feel justified under the record as it is presented, in holding that a reversible error was committed.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The statement of facts and bills of exception have again been examined in the light of appellant's motion for rehearing. The case appears to have been properly disposed of upon original submission.

A bill of exception may not be supplemented by the statement of facts unless in the bill itself reference is made to a particular part of the statement of facts and it is made a part of the bill.

The trial court submitted a killing without malice, apparently through an abundance of caution. If the Court had omitted such instruction no error would have appeared. There is no evidence in the record that appellant was acting under passion produced by an adequate cause, which is necessary under our present statute to raise the issue of murder without malice.

The motion for rehearing is overruled.